Dear Weegie:
I am in receipt of your request for an Attorney General's opinion on behalf of the Board of Elementary and Secondary Education concerning the authority of the Board to retroactively approve a home study application pursuant to LSA-R.S. 17:236.1. During a board meeting of January 15, 1999, the following motion was made:
 On motion of Dr. Musemeche, seconded by Dr. Stafford the Board referred to the Attorney General for an opinion regarding the feasibility of retroactively approving the FY 96-97 and FY 97-98 home study applications of Ms. Kendall Jenkins.
You have indicated that Ms. Jenkins is a home study student. The last approved application on file for Ms. Jenkins is for 95-96. Applications for her home schooling in grades 11 and 12 were not submitted to the State Department of Education.
LSA-R.S. 17:236.1A provides the following concerning approval of home study programs:
 A. A parent or legal guardian shall apply to the Board of Elementary and Secondary Education for approval of a home study program. An initial application must be made within fifteen days after commencement of the program. A renewal application must be made by the first of October of the school year, or within twelve months of approval of the initial application, whichever is later. The Board of Elementary and Secondary Education, upon receipt of such initial or renewal application, shall immediately notify the city or parish school superintendent within whose jurisdiction the home study is being conducted of such application and also shall notify said superintendent of subsequent actions taken by the board on the application.
LSA-R.S. 1:3 provides the following concerning words and phrases and how they are to be construed. It also defines the word "shall."
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriated meaning.
 The word "shall" is mandatory and the word "may" is permissive.
LSA-R.S. 17:3048.1Q sets forth the initial student eligibility requirements that must be met for a student to be eligible to receive a program award pursuant to this section. Of particular concern in the present case is Subsection 1(a) which is a requirement to receive any of the awards in this section. It requires the following:
 The student has been certified by a parent or legal guardian to have successfully completed at the twelfth grade level a home study program approved by the State Board of Elementary and Secondary Education. Additionally, the student, if ever enrolled in a Louisiana public high school or nonpublic high school which has been approved by the State Board of Elementary and Secondary Education must have begun his studies in the approved home study program no later than the conclusion of the tenth grade year.
Although Ms. Jenkins might be able to meet part of the eligibility requirement of LSA-R.S. 17:3048.1Q(1) (a) by having her father certify she successfully completed the twelfth grade in a home study program, she is unable to show that BESE approved the program. LSA-R.S. 17:236.1A requires that Ms. Jenkins parents "shall" apply to the BESE Board for approval of a home study program. This statute states that a renewal application must be made by the first of October of the school year or within twelve months of approval of the initial application, whichever is later. In Ms. Jenkins case, neither deadline was met.
LSA-R.S. 17:236.1A does not provide for any exceptions for the deadline for the approval of a home study program. Therefore, retroactive approval of fiscal year 1996-1997 and 1997-1998 home study applications of Ms. Kendall Jenkins is not permitted by law.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ BETH C. LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
DATE RECEIVED: 02/10/99 BR
DATE RECEIVED: 02/11/99 SH
DATE RELEASED:
BETH C. LANGSTON ASSISTANT ATTORNEY GENERAL